IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE K. O'BRIEN | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-21-1738 |
| WALMART, INC., | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 14). Currently pending are defendant's Motion for Summary Judgment (" defendant's Motion") (ECF No. 27), plaintiff's Opposition to Defendant's Motion for Summary Judgment ("plaintiff's Opposition") (ECF No. 28), and defendant's Reply to Plaintiff's Opposition to Its Motion for Summary Judgment ("defendant's Reply") (ECF No. 30). Also before the court is plaintiff's Motion to Withdraw Requests for Admission Deemed Admitted ("plaintiff's Motion") (ECF No. 29) and defendant's Opposition to Plaintiff's Motion to Withdraw Requests for Admissions Deemed Admitted ("defendant's Opposition") (ECF No. 31). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendant's Motion (ECF No. 27) is denied and plaintiff's Motion (ECF No. 29) is granted.

**I.      BACKGROUND**

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the non-moving party, which is the plaintiff in this case. Scott v. Harris, 550 U.S. 372, 378 (2007). Plaintiff Michelle O'Brien ("plaintiff") allegedly sustained personal injuries on March 1, 2019, while at a store owned and operated by defendant Walmart, Inc. ("defendant") in Oakland, Maryland. (Compl., ECF No. 2 at ¶¶ 4, 6). Plaintiff brought her vehicle to the Auto Center at the store to have four new tires put on the car. (ECF No. 28-2 at 30:13-14). While waiting for the repairs to be made, plaintiff purchased groceries from the store. (ECF No. 2 at ¶ 5). Plaintiff alleges that on returning to the garage bay, she was "informed by an employee that she could place [her groceries] in her car." (Id.) After placing her items in the car, plaintiff began to exit the garage by walking out of one of the garage bay doors. (Id. ¶ 6). As plaintiff was exiting, one of defendant's employees lowered the door, hitting plaintiff on the head and knocking her to the floor. (Id.) Plaintiff alleges injuries resulting from this incident. (Id. ¶ 14).

On May 5, 2021, plaintiff filed suit against defendant in the Circuit Court for Garrett County, Maryland (Id.) Plaintiff states a negligence claim, asserting that defendant breached its duty of care to her by "[f]ailing to properly monitor, supervise, and maintain the area of the injury so as to furnish [p]laintiff with a safe path"; "[f]ailing to maintain its area in safe condition"; "[f]ailing to properly train and instruct employees"; "[f]ailing to properly provide for a safe means of ingress and egress between the store and the garage and failure to provide proper signage which delineates the paths"; "[f]ailure to warn [p]laintiff of the dangerous, defective, and unsafe condition"; "[f]ailure to otherwise comply with the applicable law and regulations of the State of Maryland and the applicable Federal laws and regulations"; and "[o]therwise failing to exercise

the degree of care required under the circumstances." (Id. ¶ 14).  Plaintiff seeks damages in an amount greater than $75,000 (Id. at 5).  On July 12, 2021, defendant filed a Petition for Removal to this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (ECF No. 1).  Fact discovery closed on May 2, 2022, and thereafter, the pending Motions and related pleadings were filed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is properly considered "material" only if it might affect the outcome of the case under the governing law.  Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could

return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment. Anderson, 477 U.S. at 252. Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact. Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001). Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 252.

### III.  DISCUSSION

#### a. Plaintiff's Motion to Withdraw Requests for Admission Deemed Admitted

Plaintiff moves to withdraw all admissions deemed admitted due to her lack of response to defendant's requests for admission, stating that to accept the admissions would effectively bring an end to her case and allowing the withdrawal of the admissions would not prejudice defendant. (ECF No. 29-1 ¶¶ 9-10). "The court has considerable discretion over the withdrawal of admissions once they have been made." Kress v. Food Empls. Lab. Rels. Ass'n, 285 F. Supp. 2d 678, 681 (D. Md. 2003) (quoting U.S. v. Turk, 139 F.R.D. 615, 618 (D. Md. 1991)). That discretion is guided by Federal Rule of Civil Procedure 36(b), pursuant to which "the court may permit withdrawal . . . if it would promote the presentation of the merits of the action and if the court is not persuaded

that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); see Kress, 285 F. Supp. 2d at 681.

Plaintiff argues that both prongs of the test are met here. As to the first prong, plaintiff contends that to deem defendant's requested admissions admitted "would eviscerate all of [p]laintiff's claims." (ECF No. 29-1 ¶ 10). Second, plaintiff notes that allowing withdrawal of the admissions would not prejudice defendant because defendant "has clearly engaged in discovery . . . [and] faces no special difficulty in proving its case through other means." (Id. ¶ 10). Defendant responds that neither prong of the test has been met because first, plaintiff has failed to prove that she would be "prejudiced by the deemed admissions" (Id. ¶ 5) and second, it would prejudice defendant if plaintiff was permitted to withdraw the admissions because defendant "relied on the deemed admissions in its Motion for Summary Judgment." (ECF No. 31 ¶ 4).

The first prong of the test, that withdrawal of the admissions "would promote the presentation of the merits of the action," is satisfied here. Defendant's requests for admission were extensive and addressed key facts underlying plaintiff's claim. For example, defendant asked that plaintiff admit that she was "not authorized to enter the garage bays of the Auto Care Center." (ECF No. 29-4 ¶ 9). If deemed admitted, plaintiff almost certainly forfeits her case. Maryland caselaw is clear that no duty is owed where plaintiff is in an access restricted area of the premises without permission. See e.g., Houston v. Safeway Stores, Inc., 346 Md. 503, 519 (1997) (holding that "[t]he duty of care owed to invitees extends only to the parts of the store reserved for customers . . . not to places where customers are not invited."). To allow plaintiff to withdraw the deemed admission is, therefore, essential to ensure the case can be heard on the merits.

Defendant argues that the first prong requires a showing by the non-requesting party, here plaintiff, that prejudice would result if withdrawal is not permitted. (ECF No. 31 ⁋ 5). To the contrary, the language of Rule 36(b) explicitly provides that the court must be "persuaded" of the prejudice that would result to the requesting party (i.e., the party who made the request for admission) if the withdrawal is granted. There is no similar requirement that the non-requesting party prove prejudice. Instead, plaintiff is required to show only that granting the withdrawal would "promote the presentation of the merits." Because the admissions in this case go to the very heart of plaintiff's claim, granting the withdrawal would promote the presentation of the merits.

The second prong of the test, that the requesting party not be prejudiced by the withdrawal, is also satisfied here. Rule 36(b) requires that withdrawal would not result in prejudice to the party's ability to "maintain[ ] or defend[ ] the action on the merits." As plaintiff suggests, defendant took depositions of its employees and propounded written discovery on which it can rely if plaintiff's withdrawal request is granted. (ECF No. 29-1 ⁋ 10). Defendant's argument that it would be prejudiced because it relies on facts deemed admitted in its Motion for Summary Judgment is unpersuasive. Given that the parties engaged in discovery, defendant can nevertheless maintain its defenses that plaintiff was unauthorized to enter the garage bays, that its employees acted reasonably, and that plaintiff was contributorily negligent, notwithstanding the court's decision to allow plaintiff to withdraw the admissions. Accordingly, defendant has failed to meet its burden that the admissions should not be withdrawn. As such, plaintiff's Motion to Withdraw Requests for Admission Deemed Admitted is granted.

### b. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment, arguing that plaintiff cannot establish a prima facie case of negligence because plaintiff was not owed a duty of care. Defendant identifies three

bases upon which it contends summary judgment should be granted. First, plaintiff was in an area of the store not authorized for customers and was not given permission to enter. (ECF No. 27 at 7-9). Second, if there was a duty of care owed, defendant did not breach that duty because its employees did not act unreasonably. (Id. at 9-11). Third, plaintiff is barred from recovery because she was contributorily negligent. (Id. at 11-13). To assert a claim of negligence in Maryland, plaintiff must prove that: (1) defendant was under a duty to protect plaintiff from injury, (2) defendant breached that duty, (3) plaintiff suffered actual injury or loss, and (4) the injury or loss proximately resulted from defendant's breach of duty.[1] 100 Ltd. P'ship v. Columbia Town Ctr. Title Co., 430 Md. 197, 212-213, 60 A.3d 1, 10 (2013).

Generally, a customer is a "business invitee" to whom the store owner owes a duty to "use reasonable and ordinary care to keep the premises safe . . . and to protect [her] from injury caused by an unreasonable risk that, exercising ordinary care for [her] own safety, [she would] not discover." Henley v. Prince George's Cnty., 305 Md. 320, 339, 503 A.2d 1333, 1343 (1986). "[N]o presumption of negligence on the part of the proprietor," however, "arises merely from a showing that an injury was sustained in [defendant's] store." Garner v. Supervalu, Inc., 396 Fed. App'x 27, 29 (4th Cir. 2010). Although Maryland courts have emphasized that a store operator is "not an insurer of the safety of [its] customers," Moulden v. Greenbelt Consumer Servs., Inc., 239 Md. 229, 232, 210 A.2d 724, 725 (1965), store operators owe their patrons a "duty of reasonable care for the protection of the business invitee." Tucker v. KFC Nat. Mgmt. Co., 689 F. Supp. 560, 562 (D. Md. 1988), aff'd 872 F.2d 419 (4th Cir. 1989). "The duty of care owed to invitees extends

---

[1] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

only to the parts of the store reserved for customers, however, and not to places where customers are not invited." Houston v. Safeway Stores, Inc., 346 Md. 503, 519, 697 A.2d 851, 858-59 (1997) (holding that a customer who enters an area generally not open to the public, "without permission," "acquire[s] the status of a 'mere licensee [ ] to whom the storekeeper owes no duty'") (citing Pellicot v. Keene, 181 Md. 135, 139, 28 A.2d 826, 828 (1942)).

First, defendant argues that plaintiff was owed no duty of care. (ECF No. 27-1 at 7). Specifically, defendant contends that because plaintiff entered the garage bays, an area not open to customers, without permission, she was not entitled to a reasonable duty of care.[2] (Id. at 7-8). Further, defendant notes that the associates working in the garage state that they never spoke with plaintiff and that she was not given permission to enter the garage. (ECF Nos. 27-3 ¶ 4, 27-5 ¶ 5). Plaintiff responds that she was given permission to enter the garage bay, in order to place her groceries in her car. (ECF Nos. 2 ¶ 5, 28-2 at 12). Whether plaintiff's entrance into the garage was permitted or unpermitted is essential to the determination of duty in this case. If plaintiff was given permission into the otherwise unauthorized area, she retained her business invitee status and was owed a duty of reasonable care by defendant. See Houston, 346 Md. At 519, 697 A.2d at 858-59. If no permission was given, plaintiff was merely a licensee and owed no duty of care by defendant. Id. Considering all facts in the light most favorable to plaintiff, a jury could reasonably conclude that plaintiff was given permission to enter the garage bay to place her groceries inside of her vehicle. Accordingly, summary judgment is not warranted on this issue.

---

[2] Defendant maintains that because plaintiff failed to respond to its request for admissions, and in particular, failed to respond to the request for admission regarding whether she was permitted to enter the garage bay, the admission is conclusive evidence that she was not permitted to enter the garage bay and thus, no duty of care existed. (ECF No. 27-1 at 9). Given that the court is granting plaintiff's Motion, defendant must show by other evidence that no genuine dispute of material fact exists.

Next, defendant argues that plaintiff has presented no evidence of "any specific act of negligence" resulting in her injury, and thus there is no genuine dispute that defendant breached its duty of care. (ECF No. 31 at 9-11). Plaintiff responds that her deposition testimony is evidence that the associate operating the garage door did not look to see if someone was passing under the door before closing it, an act that she alleges constitutes negligence on the part of defendant. (ECF No. 28-1 at 3). Contrary to defendant's position, there is evidence in the record from which a juror could conclude that defendant's associate acted unreasonably when he closed the garage door without checking to see if anyone was passing through it. As a result, there remains a factual dispute to be resolved by a jury as to whether defendant breached its duty of reasonable care to protect plaintiff from injury. See Tucker, 689 F. Supp. At 562.

Finally, defendant contends that even if there was a duty owed to plaintiff, and even if that duty was breached, plaintiff's recovery is barred by her own contributory negligence. (ECF No. 27-1 at 11-13). "A plaintiff's contributory negligence operates as an absolute bar to recovery under Maryland law." Powell v. Delta Airlines, Inc., No. AW-4-2791, 2005 WL 8174686, at *2 (D. Md. 2005) (citing Major v. CSX Transp., Inc., 278 F. Supp. 2d 597, 616 (D. Md. 2003) (quotation marks omitted)). Contributory negligence is "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Thomas v. Panco Mgmt. of Maryland, LLC, 423 Md. 387, 417-18, 31 A.3d 583, 602 (2011) (citations and quotation marks omitted). Defendant has the burden of proving contributory negligence. Atlantic Mut. Ins. Co. v. Kenney, 323 Md. 116, 135, 591 A.2d 507, 516 (1991). In addition, the issue of contributory negligence is ordinarily a question of fact to be decided by a jury. Dell v. DeTar, No. JFM-16-887, 2017 WL 3835679, at *6 (D. Md. 2017) (citing Campbell v. Baltimore Gas & Elec. Co., 95 Md. App. 86, 93, 619 A.2d 213, 216 (1993)).

While contributory negligence may be decided as a matter of law, a court may do so only in "very narrow circumstances." Dell, 2017 WL 3835679, at *6 (citing Catler v. Arent Fox, LLP, 212 Md. App. 685, 727-28, 71 A.3d 155, 180 (2013) ("To establish contributory negligence as a matter of law, the act relied on must be distinct, prominent and decisive, and one about which ordinary minds cannot differ.")).

Here, defendant argues that plaintiff was contributorily negligent because she should have alerted the associate operating the door to her presence and should have seen or heard the door closing. (ECF No. 27-1 at 11). Plaintiff, however, points to the video footage of the incident as evidence that defendant's associate was not visible to plaintiff while she was inside the garage bay until after she was struck by the door, such that she could not have known the door was being closed prior to being struck. (ECF Nos. 28-1 at 3, 27-3 at 1:15:50). Further, plaintiff's deposition states that she did not see the door close, nor did she see the associate who closed the door prior to the incident. (ECF No. 28-2 at 47:11-18, 49:3-8). Based on this evidence, reasonable minds could differ as to whether plaintiff was contributorily negligent in not observing the door closing when she walked under it. Cf. Wiseman v. Wal-Mart Stores, Inc., No. SAG-16-4030, 2017 WL 3334858, at *7 (D. Md. 2017) (rejecting defendant's argument that plaintiff was contributorily negligent when she failed to observe and slipped on a blackish, dark liquid on the floor, holding that "a jury could find that a prudent person while shopping at a store would not be continuously looking at the floor"). As a result, here, whether plaintiff was contributorily negligent in failing to observe and avoid the closing door is a question of fact to be decided by a jury. Accordingly, there is no basis for summary judgment on this issue.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 27) is DENIED and plaintiff's Motion to Withdraw Request for Admissions Deemed Admitted (ECF No. 29) is GRANTED. A separate order will be issued.


Date: October 4, 2022               /s/
                                    Beth P. Gesner
                                    Chief United States Magistrate Judge